**TITLE INSURANCE AND TRUST COMPANY, Dean Stevning and Ann Branstetter, in their capacity as executors of the estate of Charlotte B. Stevning, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 79–3579.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1981.

Decided Aug. 27, 1981.

Robert B. Swortwood, Thompson & Colegate, Riverside, Cal., for plaintiffs-appellants.

James Miller, Dept. of Justice, Washington, D. C., argued, for defendant-appellee; Gilbert E. Andrews, Washington, D. C., on brief.

Before TANG and BOOCHEVER, Circuit Judges, and TANNER,* District Judge.

PER CURIAM:

The appellants in this case represent the estate of Charlotte B. Stevning, who originally brought suit requesting a refund of $6,909 for the 1975 tax year. Ms. Stevning's claim was based on her calculation of tax under the income averaging provisions of the Internal Revenue Code, I.R.C. §§ 1301–1305. Her contention was that Treasury Regulation § 1.1302–2(b) (1966), which states that ʋase period income may not be less than zero, impermissibly prevented her from reporting "negative income" in a base period year. The district court granted summary judgment in favor of the government and we affirm.

The income averaging provisions of the Code are designed to ease the burden of a progressive tax structure on a taxpayer with income which fluctuates widely from year to year, or with income which is rising rapidly. *See Payne v. United States*, 489 F.2d 1404, 1406 (Ct.Cl.1974); J. Chommie, *Federal Income Taxation*, § 93, at 277–78 (2d ed. 1973). Although the concept is relatively simple, the Code formula appears complex. To use this alternative measure of determining tax liability, a taxpayer must first calculate an "average base period income" which is defined as the average taxable income earned in the four years

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

immediately preceding the computation year. I.R.C. § 1302(b)(2) and (c)(3). One hundred and twenty percent of this amount must be subtracted from current taxable income to derive "averagable income." I.R.C. § 1302(a)(1). The tax rate on averagable income is limited to that which would be imposed on the first twenty percent of that amount. I.R.C. § 1301. This means, in effect, that the entire amount of averagable income is taxed at rates that are ordinarily only applicable to taxpayers in lower brackets.

It is obviously to a taxpayer's advantage to increase as much as possible that portion of current income which is taxed as "averagable income." This in turn depends on the size of "base period income." Because averagable income is determined by subtracting base period income from current taxable income, the smaller the base period income is, the larger averagable income is, and vice versa.

▮ Treasury Regulation § 1.1302–2(b) states that base period income for any tax year may not be less than zero.[1] The taxpayer in this case listed her 1974 base period income as a negative $26,335, the amount by which her allowable deductions exceeded her gross income. By entering a negative amount rather than entering a zero amount as required by the regulation, her average base period income dropped from $20,734 to $14,150, and her averagable income for tax year 1975 increased from $124,395 to $132,296, ultimately reducing her tax liability by $6,909 for tax year 1975. The taxpayer claims that the regulation which prevents her from doing this is invalid. It is true that the statute does not, in specific terms, disallow the inclusion of losses in base period income. Nevertheless, the two courts that have considered this issue have both upheld the regulation's validity and we believe the reasoning of those cases

is sound. *Beckman v. United States,* 396 F.Supp. 44, 50 (D.Kan.1975); *Tebon v. Commissioner,* 55 T.C. 410, 416 (1970). Tax regulations must be upheld unless they are unreasonable and manifestly inconsistent with the underlying revenue statute. This is particularly true where, as in this case Congress has expressly delegated rule-making authority to implement the income averaging provisions. *See* I.R.C. § 1305; *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 503, 68 S.Ct. 695, 700, 92 L.Ed. 831 (1948). Under this standard of review, we believe the regulation does not exceed the Commissioner's rule-making authority.

▮ Aside from the conceptual difficulty with such a term as "negative income," which is not in fact income at all, section 172 of the Code makes express provision for the carryover of losses into other tax years. We view with special significance, as both the courts in *Beckman* and *Tebon* did, that section 172 is expressly limited to the carryover of *business* operating losses. I.R.C. § 172(d)(4); *Beckman, id.; Tebon,* 55 T.C. at 414–15. In this case the taxpayer's losses are personal, and cannot be carried over under section 172. We believe the Secretary might have reasonably concluded that the income averaging provisions should not be converted into a roundabout method of carrying over personal losses into other years, without a more explicit statement in the statute.

▮ Finally, the taxpayer argued that the deletion of the phrase "(but not below zero)" from the prior statutory definition of "base period income" implies that she may now list a base period income of less than zero. I.R.C. § 1302(c)(2), *as amended by* Tax Reform Act of 1969, Pub.L. No. 91–172, § 311, 83 Stat. 487. This contention has been fully explored in the Tax Court's *Tebon* decision, 55 T.C. at 412–413, and for the

1. Treasury Regulation § 1.1302–2(b) (1966) provides:

    *Base period income*—(1) *Definition.* Except as otherwise provided in subparagraph (3) of this paragraph, the term "base period income" means taxable income for any base period year first increased in accordance with section 1302(b)(2)(A) and paragraph (c)(1) of this section, and then decreased in accordance with section 1302(b)(2)(B) and paragraph (c)(2) of this section. Base period income for any taxable year may never be less than zero.

reasons set forth in that opinion, which we do not need to repeat here, the contention is at best inconclusive. Moreover, Congress' failure to amend the income averaging provisions in the eleven years since *Tebon* was decided suggests that the Tax Court's reading of the statute is correct. *See, e. g., Canada Packers, LTD. v. Atchison, Topeka and Santa Fe Ry. Co.,* 385 U.S. 182, 184, 87 S.Ct. 359, 360, 17 L.Ed.2d 281 (1966).

The decision of the district court is therefore AFFIRMED.