RALPH E. HAY AND EVELYN F. HAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hay v. Commissioner
Docket No. 6834-80.
United States Tax Court
T.C. Memo 1982-343; 1982 Tax Ct. Memo LEXIS 400; 44 T.C.M. (CCH) 172; T.C.M. (RIA) 82343; June 21, 1982. *400 Held: For income averaging purposes in computational year 1977, negative taxable income for the 4 base years must be adjusted to zero pursuant to section 1.1302-2(b)(1), Income Tax Regs., prior to addition of the zero bracket amount as required by section 1302(b)(3) of the Internal Revenue Code. Jack Miller, for the petitioners. Alan J. Pinner, for the respondent. IRWIN
MEMORANDUM OPINION *401 IRWIN, Judge: Respondent determined a deficiency of $1,725 in petitioners' Federal income tax for 1977. The sole issue for our decision is whether for purposes of income averaging petitioners are required to adjust their negative taxable income figures for their 4 base period years to zero in accordance with section 1.1302-2(b)(1), Income Tax Regs., prior to addition of the zero bracket amount. All of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners were residents of Malibu, California, at the time of the filing of the petition in the instant case. During 1977 petitioners were married to each other and filed a joint Federal income tax return for that taxable year. On their 1977 return, petitioners elected the benefits of income averaging on Schedule G of Form 1040. They computed taxable income for their 4 base period years as follows: 1976 [1]
1975
1974
1973
Adjusted Gross
$ 3,186 $ 2,008 $ 3,074 $ 1,189 Income
Less: Standard
(2,100)
(1,900)
(1,300)
(1,300)
Deduction
Less: Personal
(3,000)
(3,000)
(3,000)
(3,000)
Exemption
Taxable Income
$ (1,914)
$ (2,892)
$ (1,226)
$ (3,111)
*402 Petitioners then added the zero bracket amount [2] ($3,200) to each of the negative taxable income figures for the base period years to arrive at base period income, as follows: 1976
1975
1974
1973
Taxable Income
$ (1,914)
$ (2,892)
$ (1,226)
$ (3,111)
Plus: Zero
3,200 3,200 3,200 3,200 Bracket Amount
Base Period
$ 1,286 $ 308 $ 1,974 $ 89 Income
In the notice of deficiency dated March 3, 1980, respondent determined that the correct base period income figure for each of the years 1973 through 1976 was $3,200 and not the lessor amounts asserted by petitioners. The income averaging provisions of the Code, sections 1301 [3] through 1305, were enacted in 1964 to mitigate the harsh effect that the progressive *403 tax rate structure has upon taxpayers who have wildly fluctuating incomes. [4]
Section 1301 provides as follows: SEC. 1301. LIMITATION ON TAX. If an eligible individual has averageable income for the computation year, and if the amount of such income exceeds $3,000, then the tax imposed by section 1 for the computation year which is attributable to averageable income shall be 5 times the increase in tax under such section which would result from adding 20 percent of such income to 120 percent of average base period income. Section 1302(b)(2) defines the term "base period [5] income" as the taxable income for each year first increased and then decreased in accordance with the provisions set forth in the subsection. None of the stated adjustments is relevant here. *404 Section 1.1302-2(b)(1), Income Tax Regs., provides in relevant part that "[b]ase period income for any taxable year may never be less than zero." In Tebon v. Commissioner,55 T.C. 410 (1970) (Court reviewed) we upheld that regulation as a valid interpretation of the statute. [6]
Subsequent to our decision in Tebon, a new section 1302(b)(3) was *405 added to the Code by section 102(b)(15) of the Tax Reduction and Simplification Act of 1977 (Act), Pub. L. 95-30, 91 Stat. 127. The Act substituted zero bracket amounts for the standard deduction. These zero bracket amounts (income tax brackets upon which no tax is due) were then incorporated into the tax tables and the tax rate schedules. The purpose of section 102(b)(15) of the Act was to leave taxpayers who elected to average income in taxable years beginning after 1976 in essentially the same position as they were in prior to the Act. Section 1302(b)(3) as in effect for the 1977 taxable year provided as follows: (3) Transitional Rule for Determining Base Period Income.--The base period income (determined under paragraph (2)) for any taxable year beginning before January 1, 1977, shall be increased by the amount of the taxpayer's zero bracket amount for the computation year. Thus, this transitional [7] rule adjusts upward base period income in the base years prior to 1977 to account for the zero bracket amounts incorporated into the tax tables and tax rate schedules for all taxable years beginning after 1976. *406 Petitioners contend that in calculating base period income taxable income may be a negative number prior to the adjustment for the zero bracket amount as long as a positive figure results after the adjustment. In other words, petitioner argues that section 1.1302-2(b)(1) requires only that base period income after it is increased pursuant to section 1302(b)(3) not be less than zero. Respondent argues that negative taxable income must be adjusted upward to zero before adding the zero bracket amount. We agree with respondent. We examined this precise issue in Monson v. Commissioner,77 T.C. 91, 94 (1981)[8] and held that: The statutory language of section 1302(b)(3) is plain. For pre-1977 years, base period income is first to be determined under section 1302(b)(2). Under section 1.1302-2(b)(1), Income Tax Regs., the amount so determined may never *407 be less than zero for any taxable year. The appropriate zero bracket amount is then to be added to the amount so determined. It was stipulated that petitioners' taxable income for their 4 base period years (1973-1976) was ($3,111) ($1,226), ($2,892) and ($1,914), respectively. As required by section 1302(b)(3) base period income first must be determined under paragraph (b)(2). Although none of the adjustments stated in the paragraph is applicable, the accompanying regulation, section 1.1302-(2)(b), Income Tax Regs., requires negative taxable income to be adjusted upward to zero at this stage of the computation. Section 1302(b)(3) then directs the addition of the zero bracket amount. Thus, for computational year 1977, base period income can never be less than the zero bracket amount after it is adjusted pursuant to section 1302(b)(3). Petitioners argue alternatively that Tebon v. Commissioner,supra, which upheld the validity of section 1.1302-2(b) should be restricted to those cases where the net operating loss provisions are available to a taxpayer with negative taxable income. We suggested in Tebon that the challenged regulation was "apparently predicated *408 upon the reasonable proposition that where negative taxable income is involved, the net operating loss section should take precedence over the averaging provisions." 55 T.C. at 416. This statement was merely dictum and in no way restricted the validity of the regulation to specific fact situations. Rather, we held that the regulation is "a valid interpretation of the statute within the broad degree of latitude conferred by the statute upon the Commissioner." 55 T.C. at 416. Decision will be entered for respondent.
Footnotes
1. The taxable income figures were reversed in the stipulation of facts. The correct order of the figures as stated above appears on Schedule G of petitioners' 1977 Federal income tax return.↩
2. SEC. 63. TAXABLE INCOME DEFINED. (d) Zero Bracket Amount.--For purposes of this subtitle, the term "zero bracket amount" means-- (1) $3,200 in the case of-- (A) a joint return under section 6013 * * *.↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. ↩
4. H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 233-234.↩
5. The term "base period" means the 4 taxable years immediately preceding the computation year. Section 1302(c)(2). The term "computation year" means the taxable year for which the taxpayer chooses the benefits of income averaging. Section 1302(c)(1)↩.
6. The Court in Tebon v. Commissioner,55 T.C. 410, 414, 416 (1970) held that in its view: [T]he purpose of a rule prohibiting the use of negative base period income is undoubtedly related to the overlapping character of the net operating loss provisions in the case of taxpayers sustaining losses during base period years. * * * The regulatory provision is apparently predicated upon the reasonable proposition that where negative taxable income is involved, the net operating loss section should take precedence over the averaging provisions. * * * The Court of Appeals for the Ninth Circuit (the Court to which an appeal in this case would lie) also upheld the validity of section 1.1302-2(b) in Title Insurance and Trust Co. v. United States,654 F.2d 604↩ (9th Cir. 1981).
7. For computational years beginning in 1981 this adjustment will no longer be necessary because none of the 4 base years will be prior to 1977.↩
8. See also Gutnick v. Commissioner,T.C. Memo. 1981-628; Ferguson v. Commissioner,T.C. Memo. 1981-470 (on appeal, 9th Cir., Sept. 25, 1981); Bode v. Commissioner,T.C. Memo. 1981-300; Woolf v. Commissioner,T.C. Memo. 1981-286↩.